IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TERRY E. SHOTTS**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. **07-357-DRH-CJP** |
| | ) | |
| **JOHN EVANS,**[1] | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

This is a habeas case brought under 28 U.S.C. §2254. Petitioner Shotts was convicted of one count of aggravated criminal sexual assault, four counts of aggravated criminal sexual abuse, and four counts of criminal sexual assault by a Clark County, Illinois, jury on August 16, 1991. Applying the mailbox rule, his pro se habeas petition was filed on May 11, 2007, almost sixteen years later.

Respondent filed an answer **(Doc. 17)** which did not address the question of whether the habeas petition was timely. However, the Supreme Court has clearly held that "[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." ***Day v. McDonough*, 547 U.S. 198, 209-210,126 S.Ct. 1675, 1684 (2006).** Before deciding the issue, "a court must accord the parties fair notice and an opportunity to present their positions." The court must also evaluate whether "delayed focus" on timeliness would "significantly" prejudice the petitioner; if it appears the petition was untimely, the court must

---

[1] Petitioner is now incarcerated at Big Muddy River Correctional Center. John Evans is the warden of that institution, and he has therefore been substituted as respondent.

1

consider whether addressing the merits or dismissing the petition as untimely would better serve the interests of justice. ***Day*, 547 U.S. at 210, 126 S. Ct. at 1684**.

The Supreme Court made it clear that this court is *not* authorized to disregard a knowing and intelligent waiver of the statute of limitations. ***Day*, 547 U.S. at 202, 126 St. Ct. at 1679 - 1680.** Here, the record is silent; there has not been a knowing and intelligent waiver of the issue.

This court has not formed any opinion as to whether the petition was, in fact, timely filed. However, in view of the lengthy period of time between the date of the conviction and the filing of the habeas petition, this court deems it appropriate to consider the issue of timeliness.

Wherefore, the court orders the parties to address the issue as follows:

- Respondent shall file a memorandum addressing the issue of timeliness and the issues identified by *Day*, *supra,* described above, by **May 11, 2009.**
- Petitioner shall file a memorandum in response by **June 3, 2009.**

**IT IS SO ORDERED.**

**DATE: April 21, 2009**.

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**