IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TERRY E. SHOTTS**,                    )
                                        )
                    Petitioner,         )
                                        )
v.                                      )          Civil No. **07-357-DRH-CJP**
                                        )
**JOHN EVANS,**[1]                      )
                                        )
                    Respondent.         )

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Chief Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Petitioner Terry E. Shotts was convicted of one count of aggravated criminal sexual assault, four counts of aggravated criminal sexual abuse, and four counts of criminal sexual assault by a Clark County jury in August, 1991. Now before the court is his petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

## Procedural History

**1.      Facts**

The following description of the underlying facts is gleaned from the Rule 23 Order of the Appellate Court, Fourth District, affirming the convictions. The exhibits referred to herein are attached to **Doc. 18**.

In its Rule 23 Order affirming the convictions, the Fourth District went into considerable detail regarding the facts. This Court will not restate all of the details. In a nutshell, "Between May 1989 and April 1991, Kim [defendant's wife] used the ruse of asking teenage girls to baby-

---

[1]Petitioner is now incarcerated at Big Muddy River Correctional Center. John Evans is the warden of that institution, and he has therefore been substituted as respondent.

sit for her child to get them to come to their home so she could try to recruit them as sexual partners for defendant." Doc. 18, Ex. A, p. 2. The two victims, R.K. and A.B., were thirteen and fourteen year old girls.[2]

Defendant and his wife both testified at trial.[3] "Defendant and Kim both testified that although he did have sex with R.K. and tried to have sex with A.B., and although they did use the babysitting ruse to get the girls over to their home, they never forced anyone to have sex with them. Instead, they claimed that the two victims, as well as other girls, voluntarily did so. Defendant maintained that he allowed them to leave if they wanted to and never threatened them. Kim also testified that she never threatened them, either, but instead convinced them to have sex with defendant in exchange for money and gifts. Kim added that since they agreed to have an open marriage, defendant had stopped threatening to beat her." Ex. A, p. 9.

The Fourth District found that there was sufficient evidence "for this jury to conclude that defendant committed an act of sexual penetration by threat of force on R.K. and by force and threat of force on A.B." Ex. A, p. 15 (emphasis in original).

Shotts was sentenced to consecutive sentences of twenty-five years for the aggravated criminal sexual assault conviction, and thirteen years for each of the three criminal sexual assault convictions, resulting in an aggregate sentence of 64 years imprisonment. He was not sentenced on the other convictions because they arose out of the same conduct as the convictions for which he was sentenced. Ex. A, p. 1.

**2.** **Direct Appeal**

On direct appeal, petitioner raised the following claims:

_____

[2]This Court has ordered that some of the documents in this case be sealed in order to protect the identities of the minor victims. See, Doc. 24.

[3]Kim Shotts pled guilty to a charge of aggravated criminal sexual assault, was sentenced to prison time, and agreed to "testify truthfully" against petitioner as part of her plea deal. See, Ex. J., p. 3.

1. The State failed to prove him guilty beyond a reasonable doubt.

2. There was a fatal variance between the charging instrument and the proof at trial in that the charging instrument alleged that petitioner used force, not the threat of force.

3. The trial court erred by allowing prejudicial testimony of other teenage girls who were asked by Kim Shotts to have sex with petitioner.

4. The trial court erroneously believed that consecutive sentences were mandatory.

Petitioner's convictions and sentences were affirmed on direct appeal on December 23, 1992. Ex. A.

Shotts did not file a PLA. **See, Doc. 1, p. 5**.

## **3.** **First Postconviction Petition (March, 1993)**

Shotts filed a petition for postconviction relief pursuant to 725 ILCS 5/122-1, et. seq., on March 4, 1993. The following issues were raised:

1. Shotts' due process rights were violated when the trial judge entered the jury room on three separate occasions.

2. Shotts' due process rights were violated due to juror bias.

3. Shotts' due process rights were violated by prosecutorial error prior to and during trial.

4. Trial and appellate counsel rendered constitutionally ineffective assistance.

5. Shotts was not proven guilty beyond a reasonable doubt of criminal sexual abuse of victim A.B.

6. Shotts was not proven guilty beyond a reasonable doubt of aggravated criminal sexual assault of victim R.K.

7. Shotts was prejudiced by the trial court's labeling of him as a habitual child sex offender.

8. Shotts' due process rights were violated because he was held accountable for his wife's actions.

9. Shotts' due process rights were violated in that he was convicted of aggravated criminal sexual assault during the commission of another felony (unlawful restraint), but he was not proved guilty beyond a reasonable doubt of unlawful restraint.

10.      Shotts' right to an impartial jury was violated by the prosecution's use of peremptory challenges to strike all single persons from the jury.

11.      The prosecutor's use of the terms "we," "we'll," "they," and "he's" violated due process because they suggested that Shotts was responsible for his wife's actions.

Ex. C.

The postconviction petition was dismissed without a hearing in May 1993. Shotts filed a notice of appeal on June 8, 1993. On June 24, 1993, Shotts filed a "motion for reconsideration" in the postconviction court, raising two new grounds, i.e., that the trial court erred in imposing mandatory consecutive sentences, and that appellate counsel had been ineffective for failing to file a petition for leave to appeal to the Supreme Court from the decision affirming the convictions and sentence on direct appeal. The postconviction court denied the "motion for reconsideration," and Shotts filed another notice of appeal. The two appeals were consolidated.

Shotts raised only two points on appeal. First, he argued that his right to a fair trial was violated by juror bias and misconduct. Secondly, he argued that the consecutive sentences were not mandatory in his case. On October 19, 1994, the Fourth District held that the jury misconduct and bias issues were waived; "Because defendant failed to raise the issues of juror misconduct at trial, by post-trial motion, or at the time of his direct appeal, he may not raise them on appeal." Ex. D, p. 5. The court also held that the case must be remanded for re-sentencing in light of *People v. Bole*, **613 N.E.2d 740 (Ill., 1993)**, which held that consecutive sentences are not mandatory in a case such as this, where the multiple sexual offenses are not part of a single course of conduct. Ex. D, pp. 5-8.

Shotts filed a petition for leave to appeal. Of the issues he had raised on appeal, he raised only the juror misconduct issue in the PLA.. Ex. E. Leave was denied on February 1, 1995. Ex. E.

**4.**      **Remand for re-sentencing**

After remand, petitioner was again sentenced to consecutive prison terms aggregating

sixty-four years.  Petitioner's appeal and petition for leave to appeal were denied.  Ex. G, H, I.

**5.**      **"Section 2-1401 Petition for Relief from Judgement" (May, 1997)**

On May 12, 1997, Shotts filed a pleading in the Circuit Court of Clark County styled "Section 2-1401 Petition for Relief from Judgement."  The issue raised therein was that one of the victims, R.K., testified falsely that she was a virgin at the time  petitioner first had sexual relations with her.

The trial court characterized the petition as a successive petition for postconviction relief and dismissed it as "frivolous and patently without merit."  Shotts appealed, and the Fourth District affirmed on January 17, 1999.  Ex. J.

Shotts filed a petition for leave to appeal, which was denied.  In the PLA, through counsel, he asserted that the Appellate Court had not characterized the petition as a successive postconviction petition, but considered, and rejected it, as filed under 735 ILCS 5/2-1401.  Whether or not the petition was characterized as a successive postconviction petition is irrelevant to the issues on habeas.  Ex. K, L.

**6**      **Successive Postconviction Petition (Filed June, 1997; Amended October, 1998)**

On June 3, 1997, while the appeal of the dismissal of the May, 1997, petition was pending, Shotts filed a successive postconviction petition.  He filed an amended petition, without first obtaining leave, on October 9, 1998.  On October 28, 1998, the Circuit Court informed Shotts that it did not have jurisdiction to consider his June, 1997, petition because of the pendency of the appeal.  The court dismissed the October, 1998, amended petition, but did not dismiss the original June, 1997, petition.  Shotts appealed, and then argued on appeal that the Appellate Court did not have jurisdiction because his June, 1997, petition was still pending and the order dismissing the amended petition was not a final order.  The Appellate Court dismissed his appeal on those grounds on January 30, 2001.  Ex. M.

The State then moved to dismiss the June, 1997, petition, and that motion was granted

without appointing counsel to represent Shotts. Shotts appealed, and the Fourth District reversed, holding that the appointment of counsel was required pursuant to 725 ILCS 5/122-4 because the postconviction petition had been pending for more than ninety days. The case was remanded for further proceedings. Ex. N.

The postconviction court then appointed counsel, who amended the petition. The amended petition raised the following claims:

1. Trial and appellate counsel were ineffective in failing to tender a jury instruction for the lesser included offense of patronizing a juvenile prostitute, failing to challenge the forged signatures on the charging instrument, and failing to argue that defendant should have been present when the judge responded to questions from the jury during deliberations.

2. Trial counsel's cumulative errors constituted ineffective assistance.

3. The state violated ***Brady v. Maryland*, 373 U.S. 83 (1963)**, by not disclosing various agreements allegedly entered into with the victims and their families.

Ex. O, p. 4; Ex. U, p. 3.

The court granted the state's motion to dismiss the petition, and Shotts appealed. Appointed counsel moved to withdraw because, in counsel's opinion, the petition did not raise a meritorious claim. Ex. O. The motion was granted. Shotts filed a pro se brief which raised the following claims:

1. Various errors committed by the prosecutor and the trial court resulted in an unfair trial.

2. The conviction was void because signature of the state's attorney on the charging instrument was forged.

3. The trial court lacked jurisdiction to convict petitioner due to the forged signature on the charging instrument.

4. Shotts was denied due process where a state official notarized twelve counts on the charging instrument when she knew the State's Attorney s signature had been forged.

5. Shotts was denied due process of law where the Deputy Sheriff used intrinsic fraud to establish probable cause at the preliminary hearing.

6.    Shotts was denied a fair trial where the State's Attorney proceeded with the trial even though he knew that his signature had been forged on parts of the charging instrument.

7.    The trial court erred in refusing to sever the charges relating to the victim A.B. from the charges relating to victim R.K.

8.    The issues raised were not barred by waiver or res judicata.

9.    There was a fatal variance between the charging instrument and the evidence because the charging instrument did not allege that petitioner was accountable for his wife's acts, yet petitioner was convicted on a theory of accountability.

10.   Shotts' June 3, 1997 postconviction petition should not have been classified as a successive petition.

Ex. P.

Shotts also filed a motion for leave to file a supplemental brief, in which he sought to raise issues related to ineffective assistance of trial and appellate counsel. Leave was denied. See, Ex. S. & T.

The Fourth District issued a Rule 23 Order on August 1, 2006, affirming the dismissal of the successive post conviction petition. Ex. U. In so doing, the Appellate Court noted that the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, et seq., "contemplates the filing of only one postconviction petition." Ex. U, p. 4. The Fourth District held that all of the claims raised in the successive petition were forfeited. "Here, all of the claims in defendant's successive petition could have been raised in his direct appeal, in his first postconviction petition, or in his section 2-1401 petition. As such, they are forfeited." Id.

Shotts filed a pro se PLA, which was denied on November 29, 2006, with the mandate to issue on January 4, 2007. Ex. W.

**Timeliness of Habeas Petition**

Shotts was convicted on August 16, 1991. Applying the mailbox rule, his habeas petition was filed in this court on May 11, 2007. Pursuant to ***Day v. McDonough*, 547 U.S. 198, 209-**

7

**210, 126 S.Ct. 1675, 1684 (2006)**, this Court directed the parties to file memoranda on the issue of timeliness.

Respondent's memorandum is docketed at **Doc. 55.** Therein, respondent explains that the petition is timely because there was a "properly filed" postconviction petition pending in state court from June 3, 1997, through November 29, 2006.

The June 3, 1997, postconviction petition was the third such petition filed by Shotts. However, at that time, Illinois law did not require leave to file a successive postconviction petition. See, ***Martinez v. Jones***, **556 F.3d 637, 639 (7th Cir. 2009)**, noting that the Illinois statue was amended in 2004 to require leave for a successive petition.

Respondent explicitly takes the position in his memorandum that the habeas petition was timely filed. This Court may not disregard the state's "knowing and intelligent" waiver of a timeliness defense. ***Day***, **547 U.S. at 202, 126 St. Ct. at 1679 - 1680**. Accordingly, this Court will proceed to analyze the merits of the habeas petition.

### Grounds for Habeas Relief

Terry Shotts asserts the following grounds:

1.  Trial counsel was ineffective in 21 different respects.

2.  Appellate counsel was ineffective in 19 different respects, and postconviction petition counsel was also ineffective.

3.  Petitioner was denied a fair trial and due process where the state's attorney proceeded to trial even though he knew that his signature on the charging instrument was forged.

4.  Petitioner was denied due process because a deputy sheriff used "intrinsic fraud" to establish probable cause at the preliminary hearing.

5.  Petitioner was denied due process because a state employee notarized the forged signature of the state's attorney on the charging instrument.

6.  The trial court did not have jurisdiction due to the forged signature on the

charging instrument.

7.   Petitioner was denied a fair trial because the trial court refused to sever the charges relating to victim A.B. from the charges relating to victim R.K.

8.   There was a fatal variance between the charging instrument and the evidence, as the charging instrument did not specify that he was being charged under a theory of accountability.

9.   The state violated its duties under *Brady v. Maryland*, **373 U.S. 83 (1963)**.

10.  Petitioner's rights to due process and a fair trial were violated by the trial court's failure to sua sponte instruct the jury on the lesser included offense of Patronizing a Juvenile Prostitute.

## Exhaustion and Procedural Default

Petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Rodriguez v. Peters*, **63 F.3d 546, 555 (7th Cir. 1995).** "Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, **119 S. Ct. 1728, 1731 (1999).** "[S]tate prisoners must give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.*, **at 1732; see also, 28 U.S.C. § 2254(c).** In *O'Sullivan v. Boerckel*, the Supreme Court of the United States specifically addressed exhaustion under Illinois' two-tiered appellate process, holding that issues must be raised not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review (except under a limited number of special circumstances, which are not applicable to this case). *O'Sullivan, Id.,* **at 1732-1733.**

Petitioner can circumvent this bar to review if he is able to demonstrate cause for his procedural error **and** establish prejudice resulting from that error, i.e., "cause and prejudice."

9

***Howard v. O'Sullivan***, **185 F.3d 721, 726 (7ᵗʰ Cir. 1999)**; ***Coleman v. Thompson***, **111 S. Ct. 2546, 2565 (1991)**. "Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." ***Lewis v. Sternes***, **390 F.3d 1019, 1026 (7ᵗʰ Cir. 2004)**. In order to demonstrate prejudice, petitioner must show that the violation of his federal rights caused him actual and substantial prejudice. ***Id.***

Shotts has cleared the first procedural hurdle, exhaustion. He has exhausted all available avenues of relief through the Illinois system, in that he is time barred from further pursuing the alleged constitutional errors in a state post-conviction proceeding. ***See* 725 ILCS 5/122-1(c); see also *O'Sullivan*, 526 U.S. at 844 (holding that repetitive petitions are not required).**

## Analysis

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." ***Bell v. Cone***, **122 S.Ct. 1843, 1849 (2002)**.

**28 U.S.C. §2254(d)** restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or " a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Habeas is not another round of appellate review. Federal courts do not review state court determinations of state law questions on habeas review. ***Estelle v. McGuire***, **112 S.Ct. 475, 480 (1991)**; ***Bloyer v. Peters***, **5 F.3d 1093, 1098 (7ᵗʰ Cir.**

**1993).**

Respondent argues that all ten of petitioner's grounds are procedurally defaulted because they were not presented as issues of federal constitutional law for one full round of state court consideration. Despite the extensive state court proceedings, it appears that respondent is correct.

The first two grounds, ineffective assistance of trial and appellate counsel, cannot be considered because they are procedurally defaulted.

The claim of ineffective assistance of postconviction counsel, set forth as subsection (t) of the second ground, cannot be considered because ineffective assistance of postconviction counsel is not grounds for habeas relief. **28 U.S.C. §2254(i).**

Shotts did raise some complaints of ineffective assistance of trial and appellate counsel in the first postconviction petition. See, Ex. C. However, on appeal, he raised only two points, i.e., that his right to a fair trial was violated by juror bias, and that consecutive sentences were not mandatory. In connection with the second point, he argued that trial counsel was ineffective for failing to file a PLA on his direct appeal. See, Ex. D. Petitioner claims in **Doc. 31** that he raised numerous claims of ineffective assistance of counsel in his PLA regarding the denial of his first postconviction petition. Ex. E. His argument is somewhat unclear, but he seems to be saying that, by attaching a copy of his underlying postconviction petition to the PLA, every point in the postconviction petition was also raised in the PLA. This appears to be contrary to Illinois Supreme Court Rule 315(c)(3), which requires that a petition for leave to appeal contain "a statement of the points relied upon in asking the Supreme Court to review the judgment of the Appellate Court." However, even if one were to accept Shotts' position, the fact remains that Shotts leapfrogged over the Appellate Court by omitting his specific claims of ineffective

assistance of counsel from his appeal from the dismissal of the postconviction petition. Raising an issue in a PLA without first raising it before the Appellate Court does not constitute one full round of review, as required by *Verdin, supra*, and *O'Sullivan, supra*.

Shotts also argues that he attempted to raise habeas grounds 1 and 2, ineffective assistance of counsel, on the appeal from the dismissal of his successive postconviction petition. Shotts is referring here to the successive postconviction petition that he filed in June, 1997. Appointed counsel amended the petition, setting forth only the points listed at pages 6 - 7 of this Report and Recommendation. The amended petition was dismissed and, after filing a notice of appeal, appointed counsel moved for leave to withdraw pursuant to *Pennsylvania v. Finley*, **107 S.Ct. 1990 (1987)**, which was granted. Shotts thereafter filed a pro se brief on appeal. Ex. P.

Shotts admits that he neglected to argue ineffective assistance of counsel in his brief on appeal. He later filed a motion for leave to file a supplemental brief, which was denied on June 1, 2006. See, **Doc. 1, p. 34; Doc. 31, p. 16.** He also filed a petition for rehearing, which was denied. Ex. T. Again, this does not constitute fair presentment of habeas grounds 1 and 2 for one full round of state court consideration.

Habeas grounds 3 through 10 were raised in petitioner's pro se brief on appeal in the successive postconviction proceeding. Ex. P. However, grounds 3 through 10 are all procedurally defaulted because they were either not raised in the amended petition, or if they were raised, they were treated as waived by the Appellate Court. The Fourth District held in its August 1, 2006, decision that Shotts waived all issues raised in his successive postconviction petition. After reviewing the procedural history of Shotts' various petitions and appeals, the Fourth District noted that the Illinois Post-Conviction Hearing Act, 725 ILCS5/122-1, et seq., "contemplates the filing of only one postconviction petition." Ex. U., p.4. The Appellate Court

went on to conclude that

> Here, all of the claims in defendant's successive petition could have been raised in his direct appeal, in his first postconviction petition, or in his section 2-1401 petition. As such, they are forfeited.

Ex. U, p. 4.

The Supreme Court recently reaffirmed the long-standing rule that "federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" *Cone v. Bell*, **129 S.Ct. 1769, 1780 (2009)**. This rule is a recognition of the state's interest in addressing claims of error in the first instance, and is consistent with the statutory requirement of exhaustion of state remedies before resort to federal habeas procedures. *Id.* However, the question of whether the state procedural bar is, in fact, independent and adequate is itself an issue for the federal court to determine. *Id.*

The Seventh Circuit has repeatedly determined that, where the state court decision rests on a finding that an issue is waived by failure to present it as required by state court rules, waiver is an independent and adequate state ground. See, *Gomez v. Jaimet*, **350 F.3d 673, 677-678 (7th Cir. 2003)**, and cases cited therein. Further, the Seventh Circuit has specifically held that waiver on the grounds presented here, i.e., failure to raise the issue in the original postconviction petition, is an independent and adequate state ground for decision which precludes habeas review. See, *Wright v. Walls*, **288 F.3d 937, 947 (7th Cir. 2002)**; *Szabo v. Walls*, **313 F.3d 392, 395-396 (7th Cir. 2002).**

In *Szabo*, the Seventh Circuit noted, since 1964, 725 ILCS §5/122-3 has provided that "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." *Szabo*, **313 F.3d at 396.** "A state is entitled to treat as forfeited a

proposition that was not presented in the right court, in the right way, and at the right time-as state rules define those courts, ways, and times." *Id.* **at 395.** The Seventh Circuit held that an Illinois state court decision holding that claims set forth in a successive postconviction petition were waived was decided on an independent and adequate state ground. *Szabo***, 313 F.3d at 395-396.** This case is no different than *Szabo*.

Perhaps recognizing that he has, in fact, procedurally defaulted all of his habeas grounds, Shotts suggests several reasons why this Court should consider his habeas petition anyway. None of his arguments carry the day.

In his supplemental reply, **Doc. 38**, Shotts argues that the Fourth District erred in applying a cause and prejudice standard in its 2006 opinion affirming the dismissal of his successive postconviction petition. The point is unclear, at best. The Fourth District held that the claims stated in the successive petition were waived, and that they could only be considered if Shotts were to demonstrate cause for his failure to bring the claims in his original petition. Shotts argues that cause is demonstrated by the fact that his motion for leave to amend the successive petition was granted. **Doc. 38, p. 3**. The short answer is that petitioner is wrong. The fact that petitioner was granted leave to amend his successive petition in 2004 after counsel was appointed could in no way demonstrate cause for his failure to have presented the claims in his first postconviction petition in 1993.

Shotts also argues that his procedurally defaulted claims can be reviewed by this Court under the "plain error" rule. **See, Doc. 31, p. 11**. He is incorrect. While the plain error rule may permit a court on direct appeal to consider a point not preserved in the trial court, it is not applicable in the habeas context.

Lastly, Shotts suggests that his procedural default should be overlooked because

ineffective assistance of counsel was the cause of his default. **See, Doc. 31, pp. 13 - 14.** A claim of ineffectiveness of counsel must itself be presented to a state court for consideration before it can be raised in a habeas petition under §2254. Under Illinois law, claims of ineffective assistance of counsel based on facts appearing in the record can be raised on direct appeal, and claims of ineffective assistance of appellate counsel can be raised in a post-conviction petition. **See, *Lemons v. O'Sullivan*  54 F.3d 357,  360 - 361 (7thCir. 1995), and Illinois cases cited in footnote 2.**

The failure of appellate counsel to raise the issue can serve as "cause" for failing to raise trial counsel's ineffectiveness on direct appeal. However, the failure of appellate counsel must itself be presented for a full round of state court consideration. ***Edwards v. Carpenter*, 120 S.Ct. 1587, 1591 (2000).** Here, petitioner failed to present the ineffectiveness of either trial or appellate counsel for a full round of state court consideration. Further, any alleged  ineffective assistance by postconviction counsel is not cause, since there is no constitutional right to counsel in postconviction proceedings. ***Szabo*, 313 F.3d at 397.**

Petitioner explains in **Doc. 31** that his "opening brief" on his successive postconviction petition in case number 4-05-0916 did not include grounds 1 and 2 because he "had rushed to meet the deadline to file his brief, [and] failed to attach those two claims." **Doc. 31, p. 16.** He later moved for leave to amend to include those claims, but leave was denied. ***Id***. The fact that Shotts omitted the claims because he was rushing to get his brief on file does not constitute cause. Cause in this context means "some external objective factor, such as interference by officials or unavailability of the factual or legal basis for a claim, which impeded compliance with the state's procedural rule." ***Barksdale v. Lane*, 957 F.2d 379, 385 (7th Cir. 1992); see also, *Murray v. Carrier*, 106 S. Ct. 2639, 2645 (1986).** The fact that a pro se petitioner failed to

"act or think like a lawyer" is *not* cause. ***Barksdale, Id***.

The "cause and prejudice" test is conjunctive: failure of the petitioner to satisfy one prong of the test relieves the Court of the necessity of addressing the other. ***Buelow v. Dickey, 847 F.2d 420, 425 (7th Cir. 1988).*** Since petitioner has not demonstrated legally sufficient cause, there is no need to address prejudice.

Absent a specific showing of cause and prejudice, "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" ***Coleman*, 111 S .Ct. at 2564.** This exception requires a colorable claim of actual innocence as well as an allegation of a constitutional wrong. **See,** ***Sawyer v. Whitley*, 112 S.Ct. 2514, 2518 (1992) (miscarriage of justice exception applies to "actual" innocence as compared to "legal" innocence).** This is not such a case. Shotts has not advanced a colorable claim of actual innocence.

### Recommendation

This court recommends that Terry E. Shotts' Petition for Writ of Habeas Corpus be denied in all respects.

Objections to this Report and Recommendation must be filed on or before **June 29, 2009**.

**DATE: June 10, 2009.**


**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**