**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**TERRY E. SHOTTS,**

**Petitioner,**

**v.**

**JOHN EVANS[1],**

**Respondent.**                                          **No. 07-357-DRH**

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

### I.   Introduction

Before the Court is a Report and Recommendation ("R&R") (Doc. 59) submitted by United States Magistrate Judge Proud, issued pursuant to **28 U.S.C. § 636(b)(1)(B)**, recommending that the § 2254 habeas petition (Doc. 1) filed by petitioner Terry E. Shotts be denied. The R&R was sent to the parties, with a notice informing them of their right to appeal by way of filing "objections" within ten (10) days of service of the R&R. In accordance with the notice, Petitioner has filed timely objections to the R&R (Doc. 60) as well as a supplement to those objections (Doc. 71). Respondent has filed a response to those objections (Docs. 66 & 68).

---

[1] As noted in the Report and Recommendation issued by Judge Proud, Petitioner is currently incarcerated in the Big Muddy River Correctional Center. John Evans is the warden of that institution, and has therefore been substituted as respondent.

Petitioner has also filed a motion to clarify that the wrong standard of review was used by Judge Proud (Doc. 80) as well as a motion for additional court proceedings (Doc. 81).   In Petitioner's motion for additional court proceedings he requests that a 100 page document containing his amended post-conviction petition be added to the record.  However, the Court finds that the parties discussed the amended petition at length and the addition of the lengthy document at this point in the proceedings is not necessary.   Accordingly, the Court **DENIES** Petitioner's motion for further court proceedings (Doc. 81).

Because timely objections have been filed, this Court must undertake *de novo* review of the objected to portions of the R&R.  **28 U.S.C. § 636(b)(1)(B); FED.R.CIV.P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b);** *Govas v. Chalmers***, 965 F.2d 298, 301 (7th Cir. 1992)**.  The Court may "accept, reject, or modify the recommended decision." *Willis v. Caterpillar Inc.***, 199 F.3d 902, 904 (7th Cir. 1999)**.   In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues for which specific objection has been made. ***Id.***  However, the Court need not conduct a *de novo* review of the findings of the R&R for which no objections have been made. ***Thomas v. Arn***, 474 U.S. 140, 149-52 (1985)**.  For the reasons discussed herein, the Court **ADOPTS** the findings of the R&R.

## II.   Background

Petitioner Terry E. Shotts is serving consecutive sentences of twenty-five

years for aggravated criminal sexual assault and thirteen years for each of three criminal sexual assault convictions resulting in a total sentence of 64 years imprisonment.   On his direct appeal, petitioner raised four claims that the state failed to prove guilt beyond a reasonable doubt, that there was a fatal variance between the charging instrument and the proof at trial, that the trial court erred by allowing prejudicial testimony, and that the trial court erroneously believed that consecutive sentences were mandatory.   However, the appellate court affirmed the appeal on December 23, 1992 and Shotts failed to file a PLA.

On March 4, 1993, Shotts subsequently filed a petition for postconviction relief pursuant to 725 ILCS 5/122-1, et. seq., raising eleven claims.[2] The postconviction petitioner was dismissed in May 1993 and Shotts filed a notice

---

[2]  Petitioners claims included the following issues:

1.  Shotts' due process rights were violated when the trial judge entered the jury room on three separate occasions.
2.  Shotts' due process rights were violated due to juror bias.
3.  Shotts' due process rights were violated by prosecutorial error prior to and during trial.
4.  Trial and appellate counsel rendered constitutionally ineffective assistance.
5.  Shotts was not proven guilty beyond a reasonable doubt as to victim A.B.
6.  Shotts was not proven guilty beyond a reasonable doubt as to victim R.K.
7.  Shotts was prejudiced by the trial court's labeling of him as a habitual child sex offender.
8.  Shotts' due process rights were violated because he was held accountable for his wife's actions.
9.  Shotts' due process rights were violated in that he was convicted of aggravated criminal sexual assault during the commission of another felony (unlawful restrain), but he was not proved guilty beyond a reasonable doubt of unlawful restrain.
10. Shotts' right to an impartial jury was violated by the prosecution's use of the peremptory challenges to strike all single persons from the jury.
11. The prosecutor's use of the terms "we," "we'll," "they," and "he's" violated due process because they suggested that Shotts was responsible for his wife's actions.

of appeal on June 8, 1993.  Shotts filed a motion to reconsider, asking to add two additional grounds, that the trial court erred in imposing mandatory consecutive sentences and the appellate counsel had been ineffective for failing to file a petition for leave to appeal to the Supreme Court.  When his motion was denied, Shotts filed another notice of appeal which was consolidated with the first notice.  On appeal, Shotts raised two points, that his right to fair trial was violated by juror bias and misconduct and that his consecutive sentences were not mandatory.  The Fourth District determined that the jury misconduct issues were waived "because defendant failed to raise the issues of juror misconduct at trial, by post-trial motion, or at the time of his direct appeal, he may not raise them on appeal" (Doc. 18 Ex. D at p. 5). However, the appellate court remanded the case for re-sentencing as the court found that consecutive sentences are not mandatory (*Id*. at pp. 5-8).

On remand, Petitioner was resentenced to consecutive sentences and both his appeal and petition for leave to appeal were denied.  Subsequently, on March 12, 1997 Shotts filed a section 2-1401 petition raising the issue that one of the victims testified falsely.  The trial court dismissed the petition as "frivolous and patently without merit."  The decision was appealed and Fourth District affirmed. His petition for leave to appeal was also denied.

On June 3, 1997 while his appeal of the section 2-1401 petition was still pending, Shotts filed a successive postconviction petition.  An amended petition was filed on October 9, 1998, although Petitioner failed to request leave to file the petition. Shotts was informed that the court lacked jurisdiction to review the petition

given the pendency of his appeal and dismissed his amended petition, although the original petition was not dismissed.  Although Petitioner appealed the decision that the court lacked jurisdiction, the appeal was dismissed because the petition was still pending and the order dismissing the amended petition was not considered a final order.  The State later moved to dismiss the original petition which the court granted.  However, on appeal the Fourth District reversed the dismissal because the court had failed to appoint Shotts counsel, as was required when a postconviction petition was pending for more than ninety days.

On remand, the court appointed counsel who filed an amended petition. The amended petition included three claims: that trial and appellate counsel were ineffective for failing to tender jury instructions regarding a lesser included offense, failing to challenge the forged signatures on the charging instrument, and failing to argue that defendant should have been present when judge responded to questions from the jury; that trial counsel's cumulative errors constituted ineffective assistance; and that the state violated *Brady v. Maryland*, **373 U.S. 83 (1963)** by not disclosing various agreements allegedly entered into with the victims and their families.

The State moved to dismiss the petition which was granted.  Shotts appealed and his appointed counsel moved to withdraw, claiming the petition was not meritorious.  Counsel's motion was granted and Shotts filed a *pro se* brief raising several claims, but failing to raise issues as to ineffectiveness of counsel.  Shotts moved to file a supplemental brief but leave to do so was denied.  On August 1, 2006,

the Fourth District affirmed the dismissal of his petition, noting that the **Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 et seq.** only contemplates the filing of one postconviction petition and therefore Shotts' claims were forfeited. Shotts PLA was denied.

Thereafter, on May 11, 2007,[3] Petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition, Petitioner asserts eleven separate grounds for habeas relief.[4] Judge Proud reviewed the claims and issued an R&R recommending that Shotts' petition be dismissed because all of his claims were procedurally defaulted (Doc. 59). Analyzing Petitioner's claims of ineffective assistance of trial and appellate counsel, Judge Proud determined that the

---

[3] While the petition was docketed on May 15, 2007, applying the mailbox rule the petition was filed on May 11, 2007 (*See* Doc. 59 p.7).

[4] Petitioner grounds include the following:
1. Trial counsel was ineffective in 21 different respects.
2. Appellate counsel was ineffective in 19 different respects, and postconviction petition counsel was also ineffective.
3. Petitioner was denied a fair trial and due process where the state's attorney proceeded to trial even though he knew that his signature on the charging instrument was forged.
4. Petitioner was denied due process because a deputy sheriff used "intrinsic fraud" to establish probable cause at the preliminary hearing.
5. Petitioner was denied due process because a state employee notarized the forged signature of the state's attorney on the charging instrument.
6. The trial court did not have jurisdiction due to the forged signature on the charging instrument.
7. Petitioner was denied a fair trial because the trial court refused to sever the charges relating to victim A.B. from the charges relating to victim R.K.
8. There was a fatal variance between the charging instrument and the evidence, as the charging instrument did not specify that he was being charged under a theory of accountability.
9. The state violated its duties under ***Brady v. Maryland***, **373 U.S. 83 (1963)**.
10. Petitioner's rights to due process and a fair trial were violated by the trial court's failure to sua sponte instruct the jury on the lesser included offense of Patronizing a Juvenile Prostitute.

claims were defaulted because he failed to raise them on his appeal to the Fourth District.  While he did attach a copy of his petition which included his claim on his PLA, Supreme Court rules do not recognize attachments to the PLA.  The R&R also notes that Petitioner failed to properly present his claims in his successive postconviction petition as Petitioner readily admits that he neglected to argue the claims in his brief on appeal.  Judge Proud, in analyzing the remaining claims, found that those grounds were also procedurally defaulted as they were treated as waived by the Fourth District and thus were decided on an independent state ground which precluded this Court from habeas review.

### III.  __Discussion__

**A.    § 2254 Review**

The Court's review of Petitioner's § 2254 habeas petition (Doc. 1) is governed by the standards established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[5]  **28 U.S.C. § 2254**.  AEDPA permits a federal court to issue a writ of habeas corpus if the state court reached a decision on the merits of a claim, and that decision was either (1) "contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the

---

[5]  Petitioner has filed a motion (Doc. 80) arguing that the AEDPA does not govern his habeas petition.  While he believes that **28 U.S.C. § 2254** does not apply to this case, he is mistaken.  In any event, Judge Proud did not reach the merits of his habeas corpus petition under a § 2254 review because he found that his claims were procedurally defaulted.  Therefore, the Court **DENIES** Petitioner's motion to clarify and verify that the honorable magistrate judge Clifford Proud relied on the AEDPA standard which does not apply to petitioner's issues (Doc. 80).

facts in light of the evidence presented in the State court proceeding." ***Martin v. Grosshans***, **424 F.3d 588, 590 (7th Cir. 2005) (citing 28 U.S.C. § 2254(d))**. However, a federal court is not allowed to grant habeas relief to a state prisoner when a violation of state law is at issue. ***Bloyer v. Peters***, **5 F.3d 1093, 1098 (7th Cir. 1993) (a federal court cannot reexamine state court determinations on state law questions in order to grant habeas relief) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-8); *Reed v. Clark*, 984 F.2d 209, 210 (7th Cir. 1993))**.

In the R&R, Judge Proud determined that Shott's petition should be denied because his claims were procedurally defaulted. In order for the Court to reach the merits of his habeas corpus petition, the petitioner must clear two hurdles: exhaustion and procedural default. ***Rodriguez v. Peters***, **63 F.3d 546, 555 (7th Cir. 1995)**. A claim is exhausted "when they are no longer available, regardless of the reason for their unavailability." ***Woodford v. Ngo***, **548 U.S. 81, 92-93, 126 S.Ct. 2378, 2387 (2006)**. Further, a petitioner is required to "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post conviction proceedings." ***Lewis v. Sternes***, **390 F.3d 1019, 1025 (7th Cir. 2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 1732 (1999)**. Under Illinois' two-tiered appellate process, issues must be raised not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review. ***O'Sullivan***, **526 U.S. at 845, 119 S.Ct. at 1732-33.**

However, a procedural default may be excused if the petitioner is able to demonstrate cause for his procedural error and prejudice that has resulted; or if petitioner can demonstrate that such a denial of his claims will result in a miscarriage of justice. *Lewis*, **390 F.3d at 1026;** *Anderson v. Benik*, **471 F.3d 811, 815 (7th Cir. 2006).** "Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Id*. Prejudice is demonstrated "by showing that the violation of petitioner's federal rights 'worked to his actual and substantial disadvantage.'" *Id.* (**quoting** *United States v. Frady*, **456 U.S. 152, 170,102 S. Ct. 1584, 1596 (1982)**). On the other hand, to establish a fundamental miscarriage of justice, the petitioner must show that he is actually innocent, in other words that no reasonable jury would have found him guilty except for the errors. *Id.*; *see also Schlup v. Delo*, **513 U.S. 298, 327-29, 15 S.Ct. 851, 867-68 (1995).**

**B.     Objections**

The Court first notes that Petitioner has submitted to the Court a twenty-seven page response containing his objections to Judge Proud's R&R. Only the first five arguments are numbered, the rest are unlabeled throughout his response. Respondent in his motion has tried to separate the arguments and label them as 19 separate objections. For purposes of this Order, the Court will refer to the numbering system that respondents have used to separate the arguments contained in Petitioner's response.

The Court also notes that Petitioner objects to nearly every sentence in Judge Proud's analysis.  Many of the arguments are repetitive and are repeated throughout Petitioner's response.   Further, his first five arguments are merely a repetition of the facts and evidence he believes supports his claims.  In paragraph 1, Petitioner argues that the decision was based on an "unreasonable determination of the facts in light of the evidence" and then refers the Court to several exhibits.  He does not state how Judge Proud's decision was unreasonable or what the evidence he sights even shows.  Here, he appears to be merely taking umbrage with Judge Proud's decision but he does not point to any specific portion of the R&R to which he is objecting.  Further, paragraphs 2 through 5 merely raise arguments  regarding the state court proceedings but does not specifically object to any portion of the R&R or Judge Proud's reasonings.  As such, the Court denies those objections.

The remainder of Petitioner's objections focus on Judge Proud's findings of procedural default.   Although there is no particular order to Petitioner's objections, for purposes of this Order, the Court will group his objections by the two issues raised in the R&R: the ineffective assistance of counsel claims and his successive postconviction proceeding claims.   Further, Petitioner has raised objections as to "cause and prejudice" and the issue of "miscarriage of justice" which the Court will also address.

**1.    Ineffective Assistance of Counsel**

Petitioner objects to every finding in the R&R as to his first two claims for habeas relief relating to ineffective assistance of counsel.  In the R&R, Judge

Proud found that his claims as to ineffective assistance of counsel were procedurally defaulted because he had failed to adequately present them in either his first postconviction petition and his successive postconviction petition. Petitioner objects on numerous grounds although many of his objections merely seem to take umbrage with the findings in the R&R.[6]

However, Judge Proud correctly noted that while Shotts did raise complaints as to trial and appellate counsel's ineffective assistance in his first postconviction petition, he only raised two points on appeal. Petitioner has stated that he attached a copy of his underlying postconviction petition to the PLA which he now argues in his objections constituted presentment because his attorney refused to raise the claims at the appeals level. However, as Judge Proud accurately pointed out Petitioner's claim was not fairly presented because he did not raise the claims at the appellate level and attaching a pleading to his PLA does not constitute fair presentment. *See Lockheart v. Hulick*, **443 F.3d 927, 929 (7th Cir. 2006)**.

Petitioner also objects to Judge Proud's finding that in his successive postconviction petition that his appointed counsel set forth only three issues. Here, Petitioner seems to be contending that because he stated that there were "cumulative instances of trial counsel" ineffective assistance in his pro-se amended petition that the issues were properly presented for one full round of review. However,

---

[6] The Court notes that many of Petitioner's objections appear to be general disagreements with Judge Proud's findings. In two of his objections, Petitioner cites Judge Proud's findings, states that he objects to the theory, and then states that there is evidence that his counsel was not competent and that he could only submit his claims to the Illinois Supreme Court by attaching his brief to the PLA because his attorney refused to raise those claims at the appeal level.

Petitioner's ineffective assistance claims were not properly presented because he neglected to argue them in his petition for appellate review.  As the R&R accurately points out, Shotts admits that he failed to argue those claims in his appellate brief.  Therefore, he did not properly present those claims and the Court rejects his objection to the contrary.

Petitioner also argues at two points in his objections that he did raise his claim of ineffective assistance of counsel on the appeal of his successive postconviction perition.   Petitioner argues that his claims were properly presented because he attached his brief including the issues in his motion for leave to file supplemental brief which was later denied.  Petitioner cites to **Kizer v. Uchtman, 165 Fed. Appx. 465 (7th Cir. 2006)** for his proposition.  In **Kizer**, the Seventh Circuit found that petitioner had properly presented his claims when he had filed a *pro se* motion to supplement his claims but the court rejected the supplement because petitioner was represented by counsel.  While the Seventh Circuit found that the claims were properly presented in **Kizer**, the Seventh Circuit did not set out a *per se* rule that any supplemental brief attached to a motion is considered presentment for habeas purposes.  Instead, the Seventh Circuit noted that the court had not dismissed petitioner's motion because of procedural errors or timeliness but solely on the issue of attorney representation.  However, as Respondent has pointed out, the situation in this case is much different than the one presented in **Kizer**.  Here, Petitioner failed to address his arguments in his own *pro se* appeal and then

was denied leave to supplement his appeal based on procedural issues.  Such a failure to file supplemental arguments due to procedural issues constitutes procedural default.  ***See Coleman v. Thompson*, 501 U.S. 722, 757 (1991) (claims raised in brief that was  rejected as untimely considered procedurally defaulted)**.   Therefore, the Court rejects all of Petitioner's objections as to his ineffective assistance claims and finds that claims 1 and 2 in his habeas petition are procedurally defaulted.

### 2.    Remaining Claims (3-10)

Petitioner has also filed several objections to the R&R's finding that his remaining seven claims were procedurally defaulted.  In the R&R, Judge Proud determined that Petitioner remaining claims were defaulted because they were raised in his successive postconviction petition which the Illinois Appellate Court found to be waived.  The Illinois Appellate Court determined that pursuant to the Illinois Post-Conviction Hearing Act, **725 ILCS 5/122-1, et seq.**, that petitioners are only allowed one postconviction petition.  As Petitioner had the opportunity to raise all of his claims in his previous direct appeal, first postconviction petition, or his section 2-1401 petition, his claims were now deemed to be forfeited.  Judge Proud found that this finding of forfeiture by the Illinois Appellate Court was a decision based on an independent state-law ground and thus precluded habeas review.

Petitioner has stated numerous objections to the R&R's findings.  First, the Court notes that Petitioner makes numerous arguments that the fault lies with

his attorney for the claims being considered waived as his attorneys failed to bring the claims up in earlier proceedings.  However, this argument is really a "cause and prejudice" argument as he argues that his attorney's ineffective assistance is cause for his claims being procedurally defaulted.  As Petitioner has also filed numerous objections to the R&R's "cause and prejudice" exception analysis, the Court will review all of those objections, including the objections regarding ineffective assistance as a "cause", below.

Petitioner also objects to the R&R's finding that he was only allowed one postconviction petition.  Petitioner seems to argue that because he was resentenced after his first postconviction petition, he was entitled to another postconviction petition.  However, the Fourth District, in reviewing Petitioner's successive petition found that the Act only allows for one petition and, more importantly, that Petitioner had ample opportunity to bring these claims under either his direct appeal or his first postconviction petition or his section 2-1401 petition (Doc. 18 Ex. U).  As Petitioner failed to bring these claims in his earlier proceedings, the appellate court deemed them forfeited.  ***See Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002); *Wright v. Walls*, 288 F.3d 937, 947 (7th Cir. 2002) (failure to raise issue in original petition is independent and adequate state ground which precludes habeas review)**.  Thus, his claims were forfeited on an independent state ground and are procedurally defaulted.

Petitioner also objects to the R&R's finding that his appeal was

dismissed because the claims were forfeited, arguing that the Fourth District also ruled on the merits.  Here, Petitioner argues that the appeal was not dismissed on an independent and adequate state ground as the appellate court addressed the merits of his successive petition.  "[F]ederal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" **Cone v. Bell, 129 S.Ct. 1769, 1780 (2009)**.  In the last paragraph of the court's opinion, the court states that it agrees that Petitioner's claims were not meritorious.  In reviewing Petitioner's claims on appeal the Fourth District found that the claims were forfeited as he could have raised them in earlier proceedings.  While the court went on to state, as an aside, that the claims also lacked merit, an alternative ground based on the merits does not override the court's decision based on procedural grounds (Doc. 18 Ex. U).  ***Brooks v. Walls*, 279 F.3d 518, 522 (7th Cir. 2002)**.  The basis of the court's dismissal was procedural, not a ruling on the merits and as such the dismissal of his claims rested upon independent state law grounds.

Petitioner, in his final arguments regarding his remaining claims, argues that this court can review his claims due to plain error.  However, as the R&R correctly notes, the plain error rule is not applicable to habeas petitions.  ***See United States ex rel. Spurlark v. Wolff*, 699 F.2d 354, 359 (7th Cir. 1983)**.  Thus, the Court rejects all of Petitioner objections and finds that his remaining claims were

procedurally defaulted.[7]

### 3.    Cause and Prejudice

As the Court has found that all ten of Petitioner's claims are procedurally defaulted, the bar on Petitioner's claims could only be circumvented if Petitioner could show either cause and prejudice or a fundamental miscarriage of justice.   Judge Proud's R&R concluded that Petitioner had not shown either. Petitioner has objected to the R&R, arguing that he has shown cause and prejudice. Petitioner advances three arguments under this exception.   However, his first objection (found in paragraph 6) simply states that he objects to Judge Proud's finding that he did not show cause and merely states that he did show cause and prejudice.   Petitioner does not try to explain how he demonstrated cause and prejudice in his petition and instead, merely takes umbrage with Judge Proud's findings.  However, in paragraphs 17 & 18 of Petitioner's objections, he does state that he has shown cause and prejudice because of his ineffective assistance of counsel.   Petitioner argues that his ineffective assistance claims were not defaulted, advancing once again the various arguments he has used throughout his objections which this Court has previously rejected (*See* Section B1).   He also states that his response to Respondent's answer also addressed ineffective assistance claims.

---

[7] Petitioner also raises an argument that his claims in 3,4,5, and 6 deal with a void judgment. The Court is unclear what Petitioner is referring to by stating that the claims relate to a void judgment.  It is unclear whether he is referring to the fact that he was resentenced as a result of his first postconviction petition or if he means that the criminal case itself resulted in a void judgment.  None of his proceedings ever resulted in his criminal conviction being deemed void.  Either way, the Court fails to see how this argument has any effect on the analysis of the claims set forth in the R&R.

However, in order for an ineffective assistance of counsel claim to serve as a "cause" for a procedural default, the claim of ineffective assistance must, itself, have been presented to the courts for one full round of review by the state court. **Lewis, 390 F.3d at 1026 (citing Edwards, 529 U.S. at 452-54, 120 S.Ct. at 1591-92)**.  As this Court has already previously discussed, Petitioner procedurally defaulted his claims for ineffective assistance of counsel.  Therefore, his claims of ineffective assistance can not be used to establish cause for procedural default.  Thus, the Court denies his objections as to the "cause and prejudice"exception.

### 4.   Miscarriage of Justice

Finally, Petitioner objects the R&R's conclusion that he has not advanced a colorable claim of actual innocence in order to meet the "fundamental miscarriage of justice" exception.

In order to advance the "fundamental miscarriage of justice" exception as a reason to overlook the procedural default, a petitioner must provide a colorable claim of actual innocence as well as an allegation of a constitutional wrong.  **See Sawyer v. Whitley, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-19 (1992)**.  The exception applies in only those "'extremely rare' and 'extraordinary cases' where the petitioner is actually innocent of the crime for which he is imprisoned."  **Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003) (citation omitted).**  To support this claim, a petitioner must produce newly discovered evidence, either in the form of scientific evidence, eye witness testimony, or physical evidence, that shows that

"more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* While Petitioner has presented several arguments regarding his innocence,[8] none of his arguments advance a colorable claim of actual innocence. He has presented no new evidence which demonstrates his actual innocence and no evidence from which a jury would not have convicted him. Therefore, Petitioner does not meet the fundamental miscarriage of justice exception.

## C.    Supplemental Arguments

Subsequent to filing his objections, Petitioner also sought to file supplemental arguments (Doc. 65). Petitioner later filed his supplemental arguments to his original § 2254 petition and seeks to raise two entirely new arguments in regards to his § 2254 petition (Doc. 71). He first argues that he was denied a fair trial because of juror misconduct, namely that jurors were related to victims or witnesses or talked with other jurors. He further argues that one of the victims perjured herself and that the prosecutor knowingly used perjured testimony. Respondent has filed an objection to the motion and supplemental arguments, arguing that the amendments to the original petition are untimely and that these arguments are also procedurally defaulted (Doc. 68).[9]

---

[8] Petitioner has presented almost four pages of arguments advancing his belief that he is innocent. He argues that there was juror bias, ex parte communications and inefficiency upon the part of his attorney. Many of the arguments he raises were actually raised in his original petition. However, he offers no new evidence, no new physical or scientific evidence, or eyewitnesses that demonstrate his innocence.

[9] Petitioner subsequently filed an objection to Respondent's response, arguing that it was an untimely response to his motion to file supplement (Doc. 65). However, the Court notes that Respondent has labeled his response as a response to the claims themselves and not to Petitioner's motion for leave to

The Court notes that Respondent is correct that the amendments to the petition are untimely.  Petitioner's supplement seeks to amend his original petition filed on May 11, 2007.

A § 2254 habeas petition has a filing deadline of one (1) year from the date the judgment became final.  **28 U.S.C. § 2244(d)(1)**.  The parties submit and the R&R agrees that the judgment became final on November 29, 2006, after the successive postconviction petition was dismissed.  Petitioner filed his original petition on May 11, 2007 and was thus timely.  However, Petitioner filed his supplemental arguments on August 25, 2009, almost two years after the November 29, 2007 deadline.  Thus, his new claims are time-barred unless they relate back to the original petition.[10]

A claim relates back to the original petition when "the amendment asserts a claim...that arose out of the conduct, transaction, or occurrence set out" in the original petition.  **FED.R.CIV.P. 15(c)(2)(B)**.  "An amended habeas petition...does not relate back (and thereby escape[s] AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." ***Mayle v. Felix*, 545 U.S. 644, 656, 125 S.Ct. 2562, 2566 (2005)**.  In ***Mayle***, the petitioner argued that the claims in his habeas

---

file the supplements.  Thus, the response is not untimely.

[10] For purposes of habeas petitions, rules regarding amended petition are governed by the Federal Rules of Civil Procedure. ***See* 28 U.S.C. § 2242 (petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Mayle v. Feliz*, 545 U.S. 644, 654-55, 125 S.Ct. 2562, 2569 (2005)**.  **FEDERAL RULE OF CIVIL PROCEDURE 15** provides the rules for amended petitions.

petition related back to his original petition because they arose out of the same trial and conviction.  *Id.*  However, the Supreme Court rejected that argument and found that an amended petition relates back only when claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." ***Id.* at 657, 125 S.Ct. at 2571**.  Further, Rule 2(c) of the Rules Governing Habeas Corpus Cases requires petitioners to "specify...the facts supporting each ground" for relief meaning that different claims may not always contain the same facts as other habeas claims. ***Id.* at 661, 125 S.Ct. at 2573.**

Here, Petitioner's two new claims regarding juror relations and perjured testimony have no relations to any of the original ten claims that Petitioner raised in his original petition.  None of his claims relate to jurors or the testimony of the victims.  In fact, the facts for the claims cited in his original complaint are fundamentally distinct from the facts related to his claims of juror bias and the use of perjured testimony.  ***Mayle*, 545 U.S. at 661, 125 S.Ct. at 2573 (*See also Mandacina v. United States*, 328 F.3d 995, 1000-01 (8th Cir. 2003) (amended petition regarding failure to disclose a particular report related back to original petition alleging *Brady* violations)).**  Petitioner tries to argue that the claims relate back because the issues were discussed by Judge Proud in the fact section of his R&R, but the mere fact that the claims themselves are mentioned in the procedural history does not mean that the claims arise out of the same core facts as the original

claims.  The Court does note, as Respondent has pointed out, that Petitioner did mention juror bias and perjured testimony when discussing the ineffective assistance claims regarding his attorneys (namely stating that the attorneys failed to raise these issues on appeal or in post trial motions).  However, his ineffective assistance claims differ in time and type as the operative facts are of a different type, i.e. the mishandling of various post trial motions and appeals by Petitioner's counsel.  The operative facts do not focus on the actual instances of juror bias and perjured testimony during trial but rather focus on counsel's mishandling of the claims after trial.  Further, the different claims occurred at different times as the ineffective assistance claims focus on activity that occurred after the trial.  Therefore, the amended claims due not relate back to the original claims and are untimely as they were filed long after the year deadline established for § 2254 petitions.  Thus, Petitioner's amended claims are denied as untimely.[11]

## IV.  Conclusion

For the reasons discussed herein, the Court **ADOPTS** the findings of the R&R (Doc. 59) over Petitioner's objections.  Petitioner's § 2254 habeas petition (Doc. 1) is **DENIED with prejudice**.  Further, the Court **DENIES** Petitioner's motion to clarify and verify (Doc. 80) and Petitioner's motion for additional court proceedings

---

[11]  Alternatively, even if the claims were timely, the claim regarding juror basis would also be procedurally defaulted.  Petitioner's claim as to juror bias was deemed forfeited by the Fourth District because they were not first raised at trial (Doc. 18 Ex. D). Just as with his claims raised in his successive postconviction petition, Petitioner's claim was dismissed because he could have raised the "juror misconduct at trial, by post-trial motion, or at the time of his direct appeal" (*Id.*).  The dismissal on waiver grounds  constitutes an independent state procedural ground that prevents this Court from habeas review.

(Doc. 81).  The Clerk to enter judgment accordingly.


**IT IS SO ORDERED.**

Signed this 25th day of March, 2010.



_/s/   David R Herndon_

**Chief Judge**
**United States District Court**