IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRY E. SHOTTS,

Petitioner,

v.

JOHN EVANS,

Respondent.                                                           No. 07-357-DRH

**ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Background

On March 26, 2010, the Court dismissed with prejudice Shotts' 28 U.S.C. § 2254 petition as procedurally defaulted (Doc. 82). On March 30, 2010, the Clerk of the Court entered judgment reflecting the same (Doc. 83). On April 12, 2010, Shotts filed his notice of appeal (Doc. 84). Thereafter, Shotts filed several motions including a motion for certificate of appealability (Doc. 86), motion for leave to appeal in forma pauperis (Doc. 87), and motion to appoint counsel (Doc. 88). Shotts later filed a motion for leave to file supplemental arguments to the original application for certificate of appealability (Doc. 91). The Court rules as follows.

### II. Analysis

A.   **Certificate of Appealability**

Plaintiff has filed a fifty-one page motion seeking a certificate of

appealability. He has further filed a motion, asking to supplement that motion with five additional pages of arguments. Based on the following, the Court declines to issue a certificate of appealability.

Pursuant to **28 U.S.C. § 2253**, a prisoner seeking appellate review of a district court's denial of a habeas petition must obtain a certificate of appealability. **28 U.S.C. § 2253(c)(1)**. Section 2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Section 2253(c)(3) adds that the certificate must "indicate which specific issue or issues satisfy the showing required by paragraph (2)." As a particular matter, "[t]he certificate is a screen devise, helping to conserve judicial (and prosecutorial) resources. The obligation to identify a specific issue concentrates the parties' attention (and screens out weak issues); the limitation to constitutional claims also reduces the number of appeals while simultaneously removing a category of claim that...has poor prospects." ***Young v. United States*, 124 F.3d 794, 799 (7th Cir. 1997);** ***Buie v. McAdory*, 322 F.3d 980, 981 (7th Cir. 2003)**. As stated previously, a certification of appealability may be issued only upon a "substantial showing of the denial of a constitutional right." **28 U.S.C. § 2253.** A petitioner must demonstrate that an issue is debatable among jurists of reason or that the questions deserve encouragement to proceed further. ***Arredondo v. Huibregtse*, 542 F.3d 1155, 1156 (7th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000);** ***Barefoot v. Estelle*, 463**

**U.S. 880, 893 n.4, 103 S.Ct. 3383, 3394-95 & n.4 (1983))**.

Upon review of the record and pursuant to § 102 of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2253, the Court certifies that the issues in Shotts' § 2254 petition are not debatable among jurists of reason and that he could not make a substantial showing under 28 U.S.C. § 2254 of a denial of a constitutional right, and therefore, the Court **DECLINES** to issue a certificate of appealability.  The Court **FINDS AS MOOT** Petitioner's motion for leave to file supplemental arguments (Doc. 91).

B.   *In Forma Pauperis*

Petitioner also seeks leave to appeal *in forma pauperis* (Doc. 87).

> A party...who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that: shows...the party's inability to pay or give security for fees and costs; claims an entitlement to redress; and states the issues that the party intends to present on appeal.

**FED.R.APP.P. 24(a)**.  A party may not proceed *in forma pauperis* if the district court certifies that the appeal "is not taken in good faith."  **28 U.S.C. § 1915(a)(3); FED.R.APP.P.24(a)**.  As discussed above, the Court has concluded that Shotts has failed to make a substantial showing of the denial of a constitutional right so as to warrant a grant of certificate of appealability.  However, the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith for purposes of proceeding *in forma pauperis* on appeal.  **See *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000)**.

To conclude that an appeal is in good faith, "a court need only find that a reasonable person could suppose that the appeal has some merit." ***Id.* at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)).** Thus, an unsuccessful movant for relief may proceed *in forma pauperis* on appeal even after a district court has denied issuance of a certificate of appealability. ***See Id.* (concluding that an appeal can be taken in good faith even though a certificate of appealability has been denied).** In the instant case, the Court believes that, although Shotts' asserted grounds for appeal are meritless, they have been raised in good faith. Therefore, the Court will not certify that Shotts' appeal is taken in bad faith. Thus, the Court **GRANTS** Shotts' motion for leave to proceed *in forma pauperis* on appeal (Doc. 87).

C.   **Motion to Appoint Counsel**

Shotts has also filed a motion seeking to have this Court appoint counsel to represent him on appeal (Doc. 88). However, this Court does not have the authority to appoint counsel on appeal as only the Court of Appeals can make such appointments. Therefore, the Court **TRANSFERS** the pending motion to appoint counsel (Doc. 88) to the Court of Appeals for the Seventh Circuit.

### III.   Conclusion

Accordingly, the Court **DENIES** Shotts' Motion for Certificate of Appealability (Doc. 86) and **FINDS AS MOOT** his motion for leave to file supplemental arguments (Doc. 91). The Court further **GRANTS** Shotts' motion for leave to appeal

in forma pauperis (Doc. 87).  The Court also **DIRECTS** the Clerk of Court to **TRANSFER** the pending motion to appoint counsel (Doc. 88) to the Court of Appeals for the Seventh Circuit.

    **IT IS SO ORDERED.**

Signed this 21st day of April, 2010.

/s/   David R Herndon
**Chief Judge**
**United States District Court**